## (October 28, 1963)

In the Matter of IRENE KARP, Respondent, v. HAROLD KARP, Appellant. — In a proceeding to compel a husband to support his child and to pay certain arrears for support alleged to be due to both his wife and child, the husband appeals from an order of the former Domestic Relations Court of the City of New York, Family Court Division, Kings County, dated May 2, 1962, which: (a) directed him to pay $20 per week for the support of the child; and (b) directed him to pay arrears to his wife and child in the amount of $8,975. Order modified on the law and the facts by striking out the provisions fixing the amount of the arrears and directing their payment; and matter remitted to the Family Court for a new hearing, to be limited solely to the issue of the amount of arrears due to the child and the amount of arrears, if any, due to the wife. As so modified, the order is affirmed, without costs. We do not agree with the husband's contention that the decree of divorce, allegedly obtained by the wife in the Supreme Court of the State of New York, divested the former Domestic Relations Court of the City of New York of all jurisdiction over the parties herein, including the child of their marriage. With respect to the child, the statute (former N. Y. City Dom. Rel. Ct. Act, § 137, subd. 1) then expressly empowered the Domestic Relations Court to act on behalf of a *child* where the marriage relationship has been terminated by judgment of a court of competent jurisdiction. The only provisions for compelling future support of a child where a nonmarital proceeding was brought for that sole purpose were contained in the Domestic Relations Court Act (*Langerman* v. *Langerman,* 303 N. Y. 465). In the *Langerman* case (p. 472), it was stated by the Court of Appeals: " The Family Court [Division of the Domestic Relations Court] has exclusive jurisdiction under section 91 and subdivision 1 of section 137 to hear and determine

all proceedings to compel the support of a child whether the parties have or have not been validly divorced." We are of the opinion that the award of $20 per week for the support of the child was properly made within the jurisdiction of the court. Furthermore, it is our opinion that the court had authority to compel payment by the husband of any and all accrued arrears due to the child from November 28, 1956, the date of the previous order of the Domestic Relations Court, to the date of the order appealed from; and due to the wife from the date of such prior order to the date of the termination of the marital relationship between the parties. Notwithstanding the fact that the Domestic Relations Court lacks jurisdiction to direct payment by a former husband for the support of his ex-wife because an existing valid marriage between the parties is a necessary condition for the exercise of the court's jurisdiction (cf. *Fishberg* v. *Fishberg*, 16 A D 2d 629), the court here nevertheless retained jurisdiction to compel payment of all arrears which had accrued *prior* to the termination date of the marriage (*Nazarian* v. *Nazarian*, 276 App. Div. 956; "*Varney*" v. "*Varney*", 178 Misc. 165). With respect to the child, of course the court retained continuing jurisdiction to make an award for arrears. Despite our conclusion, however, that the court had jurisdiction to make an order herein, we believe that a new hearing is required for the sole purpose of ascertaining the amount of the arrears, if any, which may be due to the wife and child respectively. Upon the record before us, the date of the dissolution of the marriage cannot be conclusively determined. Nor can the effect, if any, which an alleged separation agreement between the parties, dated May 6, 1957, may have upon the amount of arrears due, be evaluated. We believe that the interests of orderly procedure require a new hearing on the entire issue of the amount of arrears. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.